**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3530-17T2

JUDITH G. RAMOS-LOPEZ,

     Plaintiff-Appellant,

v.

LUIS A. VARGAS; STATE OF
NEW JERSEY; and STATE OF
NEW JERSEY, DEPARTMENT
OF TRANSPORTATION,

     Defendants,

and

STATE OF NEW JERSEY,
COUNTY OF PASSAIC,

     Defendant-Respondent.

_____

Submitted February 5, 2019 – Decided February 14, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3853-17.

Garces Grabler & LeBrocq, PC, attorneys for appellant (Jean-Claude Labady, of counsel and on the brief).

William J. Pascrell, III, Passaic County Counsel, attorney for respondent (Nadege D. Allwaters, Assistant County Counsel, of counsel and on the brief).

PER CURIAM

In <u>D.D. v. University of Medicine & Dentistry of New Jersey</u>, 213 N.J. 130, 157-58 (2013), the Court held that attorney inattention or negligence does not constitute an extraordinary circumstance, as defined by N.J.S.A. 59:8-9, sufficient to excuse noncompliance with the ninety-day deadline for the service of a tort-claim notice imposed by N.J.S.A. 59:8-8. Last month, in again considering the consequence of attorney inattention or negligence in this general setting, the Court continued to adhere to <u>D.D.</u>, but found an exception applicable only in "the limited circumstances" of the "rare case" before it. <u>O'Donnell v. N.J. Tpk. Auth.</u>, __ N.J. __ (Jan. 14, 2019) (slip op. at 3, 22).[1] Because the matter at hand clearly falls within <u>D.D.</u>'s holding that attorney negligence is not an extraordinary circumstance justifying a late notice of claim, and because

---

[1] In <u>O'Donnell</u>, the attorney served a notice of claim within ninety days but on the wrong public entity. Another claimant, however, served a timely notice on the correct public entity, a circumstance that the Court found sufficient to excuse the other attorney's negligence and allow the action to proceed. <u>Id.</u> at 22.

plaintiff has not presented a compelling circumstance similar to O'Donnell, we affirm the dismissal of plaintiff's complaint.

The record reveals that, on January 19, 2017, a motor vehicle driven in Paterson by plaintiff Judith G. Ramos-Lopez was rear-ended by a County of Passaic vehicle driven by a county employee, defendant Luis A. Vargas. Plaintiff retained current counsel the day after the accident.

Eleven months later, on November 22, 2017, plaintiff filed a personal injury complaint against the County of Passaic, Vargas and others. Seven days after that filing, plaintiff moved for leave to file a late notice of tort claim. That motion was denied, as was a later reconsideration motion.

Plaintiff then voluntarily dismissed the action as to the remaining defendants and instituted this appeal, arguing that the "significant confusion" caused by "erroneous information" in both a police report and in correspondence with an insurer identified in the police report constituted an "extraordinary circumstance" that warranted the filing of a late notice of claim. We find insufficient merit in this argument to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

Plaintiff alleges her counsel's confusion arose from the fact that the police report identified the other driver's insurer with a code that denoted the New

Jersey Commercial Automobile Insurance Plan (NJAIP). Counsel wrote to NJAIP five days after the accident. On March 17, 2017, NJAIP responded that it had no record of the defendant identified; its letter's caption, however, transposed the parties, so that the defendant was identified as plaintiff and vice versa, suggesting that NJAIP was conveying only that it did not insure plaintiff, not defendant. Plaintiff's counsel alleges it took no further steps until November 9, 2017 – a few weeks before the complaint was filed – when a firm attorney wrote to NJAIP to note the mistake in NJAIP's March letter and to request clarification. A week later, the NJAIP denied that it provided or secured coverage for the County of Passaic.

In seeking leave to file a late notice of claim, plaintiff alluded to her attorney's attempts to seek clarity about NJAIP's involvement caused by an alleged inaccuracy in the police report. That police report, however, was not confusing about ownership. A casual reader of the police report would quickly observe that the report identified the owner of the vehicle that rear-ended plaintiff's vehicle as the County of Passaic.

Plaintiff's alleged confusion – in the face of the clarity in the police report about ownership of the negligent vehicle – was not persuasive nor did it

4

constitute an "extraordinary" circumstance within the meaning of N.J.S.A. 59:8-9, as interpreted by D.D. and O'Donnell.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION